UNITED STATES DISTRICT COURT
For the District of Columbia

| | | |
|---|---|---|
| BETTY HARRIS SCIPPIO | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-1353 (AK) |
| | : | |
| ISIDRO DE MORAIS PEREIRA | : | |
|     Defendant. | : | |

CONSENT MOTION TO RELEASE AND RETURN UNDERTAKING

The Plaintiff Betty Harris Scippio respectfully moves this Court to direct the Clerk of the Court to authorize the release and return of the five hundred dollar cash undertaking which was posted by her counsel on April 17, 2008. In support of this motion, the Plaintiff respectfully states the following:

1.  This is an action for personal injuries suffered by a resident of the District of Columbia who was involved in a traffic accident with a citizen of Brazil who was also a member of its diplomatic mission.

2.  When she attempted to effect service upon the Defendant at his last-known address in Potomac, Maryland, the Plaintiff's process server was informed by the current resident that the Defendant had returned to Brazil in approximately 2006.

3.  Pursuant to Rules 4(e)(1) and 4(f)(2)(C) of the Federal Rules of Civil Procedure and the substituted service provisions of 50 D.C. Code 1301.07(a)[1] the Honorable James

---

[1] 50 D.C. Code 1301.07(a) states that:

> The operation by a nonresident or by his agent of a motor vehicle on any public highway of the District of Columbia shall be deemed equivalent to an appointment by such nonresident of the Mayor or his successor in office to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceedings against such nonresident growing out of any

Robertson issued an *Order* dated April 1, 2008, which directed that, "as is required by 50 D.C. Code 1301.07(a), the Plaintiff – either individually or through her counsel – shall file an undertaking with the Clerk of this Court in the amount of FIVE HUNDRED DOLLARS ($500.00) in cash."

4. As is reflected on the *Notice of Electronic Filing* dated April 23, 2008, the Plaintiff's counsel posted that five hundred dollar cash undertaking with the Clerk of the Court on April 17, 2008.

5. After service was subsequently effected and an *Answer* denying liability was filed on the behalf of the Defendant, the parties reached a settlement of the Plaintiff's claims without any admission of liability.

6. The Plaintiff's counsel, who is seeking a return of the five hundred dollar undertaking which was posted on behalf of the Plaintiff, has been advised by the Clerk's Office that the more efficient way of proceeding would be to seek an order from this

---

accident or collision in which said nonresident or his agent may be involved while operating a motor vehicle on any such public highway, and said operation shall be a signification of his agreement that any such process against him, which is so served, shall be of the same legal force and validity as if served upon him personally in the District of Columbia. Service of such process shall be made by leaving a copy of the process with a fee of $2 in the hands of the Mayor or in his office, and such service shall be sufficient service upon the said nonresident; provided, that the plaintiff in such action shall first file in the court in which said action is commenced an undertaking in form and amount, and with 1 or more sureties, approved by said court, to reimburse the defendant, on the failure of the plaintiff to prevail in the action, for the expenses necessarily incurred by the defendant, including a reasonable attorney's fee in an amount to be fixed by the said court in defending the action in the District of Columbia, except that nothing contained in this proviso shall be construed to require the United States or the District of Columbia to file the undertaking hereby required; and provided further, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff, or his attorney, to the defendant, and the defendant's return receipt appended to the writ and entered with the declaration, or such notice of such service and a copy of the process may be served upon the defendant in the manner provided by § 13-108. The court in which the action is pending may order such continuances as may be necessary to afford the defendant a reasonable opportunity to defend the action, and no judgment by default in any such action shall be granted until at least 20 days shall have elapsed after service upon the defendant, as hereinabove provided, of a copy of the process and notice of service of said process upon the Mayor.

Court directing the release and return of that five hundred dollar cash undertaking prior to the filing of a stipulation of dismissal with prejudice.[2]

7.   On August 18, 2008, Michael A. DeSantis, Esq., advised the undersigned that the Defendant consents to the relief – the release and return of the five hundred dollar cash undertaking – being sought in this motion.

**Wherefore**, for the above grounds and such others as may appear upon a full hearing on this matter, the Plaintiff respectfully requests that this motion be granted.

Respectfully submitted,

/S/ James Thomas Maloney #254102
Maloney & Mohsen PLLC
5309 Connecticut Avenue, NW
Building 1
Washington, DC 20008-1163
Tel: (202) 237-6800  x202
Fax: (202) 966-5270
E-mail: verdict@verizon.net

*Counsel For the Plaintiff*

---

[2] According to the Clerk's Office, if a stipulation of dismissal with prejudice was filed prior to any motion seeking the release and return of that five hundred dollar undertaking, the Plaintiff would be required to file a motion seeking the reinstatement of this action for the limited purpose of conferring jurisdiction upon this Court order the return of that undertaking.

3

<u>Points and Authorities</u>

1. F.R.Civ.P. 4(e)(1).

2. F.R.Civ.P. 4(f)(2)(C).

3. 50 D.C. Code 1301.07(a)

4. The record herein.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of this motion electronically served upon counsel for the Defendant Isidro de Morais Pereira, Michael A. DeSantis, Esq., HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP, 11720 Beltsville Drive, Suite 500, Beltsville, MD 20705-3166, this 19th day of August, 2008.

/S/ James Thomas Maloney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BETTY HARRIS SCIPPIO | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-1353 (AK) |
| | : | |
| ISIDRO DE MORAIS PEREIRA | : | |
|     Defendant. | : | |

## ORDER

UPON CONSIDERATION of the Plaintiff's *Consent Motion to Release and Return Undertaking* and the representation therein that the parties have entered into a settlement without any admission of liability which will result in the dismissal with prejudice of the Plaintiff's *Complaint*, it is this _____ day of _____, 2008, hereby:

ORDERED, that the Clerk of the Court shall release and return the five hundred dollar undertaking paid on April 17, 2008, in a check or other form of negotiable instrument made payable to "Betty Harris Scippio" in the amount of FIVE HUNDRED DOLLARS ($500.00); and it is

FURTHER ORDERED, that either the Plaintiff herself or her counsel of record, James T. Maloney, Esq., shall be permitted to pick up the aforesaid check or negotiable instrument from the office of the Clerk of the Court.

_____
UNITED STATES MAGISTRATE JUDGE

Copies to electronically served upon:

James Thomas Maloney, Esq.
MALONEY & MOHSEN PLLC
5309 Connecticut Avenue, NW
Building 1
Washington, DC 20008-1163


Michael A. DeSantis, Esq.
HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP
11720 Beltsville Drive
Suite 500
Beltsville, MD 20705-3166